UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN K. TOSCANO,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No. 16-cv-06800-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket No. 1 |

## I. INTRODUCTION

Benjamin K. Toscano, an inmate at the Pelican Bay State Prison, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. §§ 1983. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

Mr. Toscano alleges the following in his complaint:

On September 7, 2016, while he was housed at Corcoran State Prison, an MRI was done on Mr. Toscano's back. The MRI results noted several problems with his back, i.e., "a degenerative signal loss in the invertebral disks at L4-5 and L5-S1," a "right foraminal disc protrusion moderately narrows the neural foramen, and an asymmetric "disc protrusion impinges upon the right descending S1 nerve and contributes to a mild central canal stenosis." Docket No. 1 at 3. He filed a "602 HC" at Corcoran State Prison that was heard and verbally denied. *Id.*

Mr. Toscano was transferred, and arrived at Pelican Bay State Prison on October 19, 2016. He informed medical staff at Pelican Bay about the MRI result. Medical staff reviewed the report on the computer and said that "medical will see me where ever I'm housed." *Id.* at 4. In the twenty days between his arrival at Pelican Bay and the filing of the complaint, he had made

1   "numerous complaints and filed numerous medical slips to be seen, treated and issued immediate
2   medical appliances. Medical refuses to do so or process [his] appeal." *Id.* He further alleges that
3   his back injuries cause pain and impede his walking.
4   Mr. Toscano requests declaratory relief (i.e., a declaration that the CDCR and Pelican Bay
5   medical staff are in violation of his constitutional rights and "the '*Plata*' case"), and injunctive
6   relief (i.e., an order requiring the CDCR and Pelican Bay to respond to his inmate appeal and
7   provide care and services for his back complaints).

### III.   DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Prison and jail officials are not liable for a due process violation for simply failing to process an appeal properly or failing to find in a prisoner's favor. Mr. Toscano's due process claim that his inmate appeal is not being responded to is dismissed without leave to amend.

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth

1  Amendment claim on a condition of confinement, such as medical care, a prisoner-plaintiff must
2  show: (1) an objectively, sufficiently serious, deprivation, and (2) the official was, subjectively,
3  deliberately indifferent to the inmate's health or safety.  *See Farmer v. Brennan*, 511 U.S. 825,
4  834 (1994).  In the medical care context, to satisfy the objective prong, there must be a deprivation
5  of a "serious" medical need.  A serious medical need exists if the failure to treat an inmate's
6  condition "could result in further significant injury" or the "'unnecessary and wanton infliction of
7  pain.'"  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).  For the subjective
8  prong, there must be deliberate indifference, i.e., a defendant must know that an inmate faces a
9  substantial risk of serious harm and disregard that risk by failing to take reasonable steps to abate
10  it.  *Farmer*, 511 U.S. at 837.  The defendant must not only "be aware of facts from which the
11  inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the
12  inference." *Id.*

13  The complaint fails to state a claim upon which relief may be granted against any
14  defendant.  In order to obtain any relief on his § 1983 complaint, Mr. Toscano must demonstrate
15  that his constitutional rights have been violated, but the complaint contains no allegations that
16  suggest that any defendant has been deliberately indifferent to his medical needs.  The main
17  problem is his choice of defendants: he named entities rather than the people with whom he
18  interacted.  The only named defendants are "Department of Corrections," "Corcoran State Prison,"
19  and "Pelican Bay State Prison."  There is no respondeat superior liability under § 1983, i.e. no
20  liability under the theory that an entity is liable simply because it employs a person who has
21  violated a plaintiff's rights.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Taylor*
22  *v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The CDCR, Pelican Bay State Prison and Corcoran
23  State Prison do not have liability under § 1983 based solely on the fact that they employed the
24  alleged wrongdoers.  No individuals are named as defendants.  The complaint does list Doe
25  defendants but contains no allegations against any of those Doe defendants.  Leave to amend is
26  granted so that Mr. Toscano may file an amended complaint alleging facts showing deliberate
27  indifference to his medical needs by one or more defendants.
28  In his amended complaint, Mr. Toscano must be careful to allege facts showing the basis

for liability for each individual defendant.  He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).  A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

If, by the deadline for filing his amended complaint, Mr. Toscano is unable to obtain the name of those persons, he may sue the persons as John Doe and Jane Doe defendants.  The use of "John Doe" or "Jane Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes is necessary when a plaintiff cannot discover the identity of the defendant before filing the complaint. Although the use of a John Doe or Jane Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a John Doe or Jane Doe defendant designation creates its own problem: that person cannot be served with process until he or she is identified by his or her true name. The burden remains on the plaintiff to identify the defendant; the Court will not undertake to investigate the name and identity of an unnamed defendant.  The Court will provide an extended length of time for Mr. Toscano to file his amended complaint so that he will have the time to try to learn the name of the persons who allegedly were deliberately indifferent to his medical needs. If Mr. Toscano files an amended complaint using John Doe or Jane Doe designations, he must at that same time inform the Court of each and every step he took to try to learn the name of each of those Doe defendants.  Further, his amended complaint must allege what each Doe defendant did that caused a violation of his constitutional rights, because each Doe defendant should represent a specific person.  For example, John Doe # 1 may have rejected his request at Corcoran on "x" date; John Doe # 2 provided inadequate treatment on "y" date at Pelican Bay, and Jane Doe # 1 may have provided inadequate care on "z" date at Pelican Bay.  As to each instance, he would

need to provide the date, as well as describe what the medical need was, and what the defendant did or failed to do that caused a violation of his constitutional rights.

### IV.    CONCLUSION

The complaint is dismissed with leave to amend. Mr. Toscano must file an amended complaint that complies with the directions in this order no later than **May 31, 2017**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Toscano is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of this action.

**IT IS SO ORDERED**.

Dated: March 16, 2017

_____
EDWARD M. CHEN
United States District Judge

5