UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN K. TOSCANO,<br><br>Plaintiff,<br><br>v.<br><br>MAUREEN MCLEAN, et al.,<br><br>Defendants. | Case No. 16-cv-06800-EMC<br><br>**ORDER REOPENING ACTION AND FOR SERVICE OF SECOND AMENDED COMPLAINT**<br><br>Docket Nos. 19, 20, 21 |

## I. INTRODUCTION

Benjamin K. Toscano, an inmate at Pelican Bay State Prison, filed this *pro se* prisoner's civil rights action seeking relief under 42 U.S.C. § 1983. The court dismissed his original complaint and his amended complaint with leave to amend. Mr. Toscano's second amended complaint (Docket No. 19) is now before the Court for review under 28 U.S.C. § 1915A. His recusal motion and motion to reopen the action also are before the Court for consideration.

## II. BACKGROUND

In his second amended complaint, Mr. Toscano alleges the following about prison officials' responses to his back problems: Dr. Lenoir, his primary care provider, was deliberately indifferent in her response to his requests for treatment, pain medications and medical appliances on September 16, 2016. Nurse McConnell reviewed Mr. Toscano's inmate appeal with him on October 6, 2016, and failed to provide the requested treatment, appliances and pain medications that his primary care provider already had denied. On October 28, 2016, Dr. McCabe improperly denied the inmate appeal at the first level, including the requests for medical treatment, appliances, medications, chronos and a back brace that his primary care provider had denied. Nurse Strawn reviewed Mr. Toscano's second level inmate appeal with him on December 8, 2016, and failed to

provide the requested treatment, appliances and pain medications that his primary care provider already had denied. Maureen McClean, the Chief Executive Officer, signed the appeal response at the second level that denied Mr. Toscano's requests for pain medication and medical appliances that his primary care provider had denied. On March 29, 2107, chief director J. Lewis denied the third level inmate appeal, reiterating the responses given in the lower level appeal responses.

The second amended complaint further alleges that Mr. Toscano's current primary care provider, Dr. Nancy Adam, repeatedly has denied Mr. Toscano the proper medical treatment and appliances for his back problems. Dr. Adam denied him the "test, treatment and pain medication" recommended by a nerve conduction specialist. Docket No. 19 at 7.

### III. DISCUSSION

A. Reopening The Action

This action was dismissed on January 9, 2018, because it appeared to the Court that Mr. Toscano had not filed his second amended complaint by the December 29, 2017, deadline set in an earlier order. *See* Docket Nos. 14, 16. It turns out that the second amended complaint had been mailed on December 29, 2017, and had been stamped "filed" at the courthouse on January 5, 2018, but was not actually entered in the electronic docketing system until January 16, 2018 -- after the action was dismissed -- due to delays in the clerk's office. Mr. Toscano has requested that the action be reopened because his second amended complaint was given to prison officials to mail by the deadline and therefore is deemed to have been timely filed. The request to reopen the action is GRANTED. Docket No. 20. The order of dismissal and judgment are VACATED.

B. Recusal Request

Mr. Toscano has filed a request to disqualify the undersigned. Docket No. 21. He asserts that the undersigned is biased against him, as demonstrated in *Toscano v. Lewis*, No. 12-cv-5893 EMC, in which the undersigned "has deliberately ignored evidence to aid CDC officials and the Attorney Generals to cover up their attempts to commit assault/murder upon me, in addition to the judicial complaints filed against him, and thus falsely dismissing this case." Docket No. 21 (errors in source).

Recusal is the process by which a federal judge may be disqualified from a given case.

Motions to recuse a district judge are governed by two statutes, 28 U.S.C. § 144 and § 455. Section 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." Section 455 also provides grounds for disqualification, and requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976).

Mr. Toscano's recusal request does not meet the legal sufficiency requirement of § 144 because the allegations of bias are conclusory and do not allege an extrajudicial basis for the alleged bias or prejudice. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit inadequate when based on conclusory allegations of bias); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (district judge correctly rejected disqualification motion as legally insufficient and had no duty to refer it to another judge because the alleged bias or prejudice did not arise from an extrajudicial source). For similar reasons, the motion is insufficient to show bias under § 455. It is well-established that actions taken by a judge during the normal course of proceedings are not proper grounds for disqualification. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999) (judge properly denied motion for disqualification based on his prior service as prosecutor and his actions during the proceedings because neither ground required recusal); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal). Mr. Toscano's request for the undersigned to recuse himself is DENIED. Docket No. 21.

C.  Review of Second Amended Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

3

*Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim on a condition of confinement, such as medical care, a prisoner-plaintiff must show: (1) an objectively, sufficiently serious, deprivation, and (2) the official was, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Liberally construed, the second amended complaint states a cognizable claim against Dr. Lenoir and Dr. Adam for deliberate indifference to Mr. Toscano's medical needs based on their allegedly deficient responses to his back problems.

The second amended complaint does not state a claim against the several persons (i.e., nurse Strawn, Dr. McCabe, Dr. McClean, nurse McConnell, and Mr. Lewis) who merely failed to rule in Mr. Toscano's favor in his inmate appeals challenging the decisions made by the primary care providers, Dr. Lenoir and Dr. Adam. A deliberate indifference claim is not stated against the defendants who dealt with the inmate appeals because none are alleged to have been Mr. Toscano's treating professionals, and instead their involvement consisted of interviewing Mr. Toscano for his inmate appeals and signing the responses to the inmate appeals that challenged the decisions made by the primary care providers on Mr. Toscano's specific requests for treatment, appliances and medications. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give

4

rise to protected liberty interest requiring procedural protections of Due Process Clause); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993).

### IV. CONCLUSION

1. The second amended complaint states a cognizable Eighth Amendment claim against Dr. Lenoir at Corcoran State Prison and Dr. Adam at Pelican Bay State Prison. All other defendants and claims are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the second amended complaint and a copy of all the documents in the case file upon the following defendants: (1) Dr. P. Lenoir (at Corcoran State Prison), and (2) Dr. Nancy Adams (at Pelican Bay State Prison).

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **April 27, 2018**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **May 25, 2018**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **June 8, 2018**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil

5

> Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's case will be dismissed and there will be no trial.

5. All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to the Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this

case on any document he submits to the Court for consideration in this case.

9. The motion to reopen the action is **GRANTED**. Docket No. 20. The order of dismissal and judgment (Docket Nos. 17 and 18) are **VACATED**.

10. The recusal request is **DENIED**. (Docket No. 21.)

**IT IS SO ORDERED**.

Dated: February 6, 2018

_____
EDWARD M. CHEN
United States District Judge