UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN K. TOSCANO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY ADAM, et al.,<br><br>Defendants. | Case No. 16-cv-06800-EMC<br><br>**ORDER RE MEDICAL RECORDS DISCOVERY**<br><br>Docket Nos. 52, 53 |

Plaintiff sent to the Court two document subpoenas, apparently so that they could be issued by the Clerk and served by the Marshal. Docket No. 52. The Clerk will not issue the subpoenas and they will not be served.

The subpoenas did not "set out the text of Rule 45(d) and (e)," as is mandated by Federal Rule of Civil Procedure 45(a)(1)(A)(iv).

The subpoenas also did not allow a reasonable time for compliance. The subpoenas were received at the Court on September 4, 2018, and commanded compliance by September 10, 2018, just six days later. Even if the subpoenas had been issued and served on the day they were received by the Court – an unrealistic expectation given the volume of filings the Court receives every day – allowing just six days to comply with a document subpoena was not reasonable. The court can quash or modify a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A).

Each subpoena also has other problems unique to that subpoena. One subpoena is directed at multiple people (i.e., Amy Lo, Nancy Adam, and P. Lenoir) and requests production of the documents "requested in the attached request for production of documents re. back." Docket No. 52 at 1. The group subpoena was improper as a separate subpoena should be used for each person

being subpoenaed. There also was no request for production of documents attached to the subpoena, so the subpoena would yield *no* documents. Moreover, if the subpoena did indeed simply command the subpoenaed persons to produce documents that were requested in a request for production of documents, the subpoena was unnecessary and therefore did not comply with the requirement that a party issuing a subpoena "take reasonable steps to avoid imposing undue burden on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Further, because the Marshal must serve a subpoena issued for a party proceeding *in forma pauperis*, serving a subpoena that simply requests documents already subject to a request for production of documents wastes tax dollars.

The second subpoena, dated August 29, 2018, is directed at the custodian of health care records at Pelican Bay State Prison and requests medical records "from September 1, 2018 to the present date." The date error would have resulted in either no records (because the subpoena predated the earliest date for records sought), or would have yielded just nine days' worth of records (i.e., from September 1, 2018, through the September 10, 2018 production date). The September 1, 2018 date appears to be wrong, given that the events at issue in this case occurred in 2016 - 2017.

Because of the many flaws mentioned above, the subpoenas will not be issued or served. The Court is, however, surprised that Mr. Toscano apparently has not yet received his medical records, given that his medical care is the focus of this case, and would prefer to avoid a discovery dispute about the medical records. To that end, Defendants are *strongly* encouraged to promptly provide to Mr. Toscano a copy of his medical records from January 1, 2016, through December 31, 2017, if they have not done so yet. No later than **October 1, 2018**, Defendants must file and serve a notice that either (a) states that they have provided to Mr. Toscano a copy of those medical records, or (b) explains why they have not done so. Mr. Toscano is strongly encouraged to sign any forms needed to obtain a copy of his medical records. Defendants may charge Mr. Toscano reasonable photocopying fees for the records they produce pursuant to this order.

2

Mr. Toscano has filed a "reply to defendants['] refusal to provide requested documents for inspection." Docket No. 53. Mr. Toscano is encouraged to read and comply with the order dated June 11, 2018, in which the Court discussed the discovery process. *See* Docket No. 42 at 2-3.

**IT IS SO ORDERED**.

Dated: September 17, 2018

_____
EDWARD M. CHEN
United States District Judge